IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Stanley Simmons, | ) | C/A No. 0:19-cv-425-DCN-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Versus | ) | |
| | ) | **ANSWER OF DEFENDANTS** |
| | ) | **DORCHESTER COUNTY DETENTION** |
| Dorchester County Detention Center; | ) | **CENTER AND DORCHESTER COUNTY** |
| Dorchester County Sheriff, L.C. Knight, In His | ) | **SHERIFF L.C. KNIGHT, IN HIS** |
| Official Capacity; South Carolina Commission | ) | **OFFICIAL CAPACITY** |
| on Indigent Defense; Office of Indigent | ) | |
| Defense; Summerville Police Department; and | ) | **(Jury Trial Requested)** |
| John Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

TO: ANDREW J. McCUMBER, ESQ. AND CHRISTOPHER W. BURROWS, ESQ., ATTORNEYS FOR THE PLAINTIFF:

COME NOW Defendants Dorchester County Detention Center and Dorchester County Sheriff L.C. Knight, in his Official capacity (hereinafter collectively referred to as "these Defendants" or "Dorchester Defendants"), by and through their undersigned attorneys, answering the Plaintiff's Complaint (Dkt. No. 1), subject to all applicable motions, affirmative defenses, and other pleadings, as follows:

**FOR A FIRST DEFENSE**

1.     These Defendants deny each and every allegation of the Plaintiff's Complaint that is not hereinafter specifically admitted.

**FOR A SECOND DEFENSE**
**AS TO PARTIES, VENUE, AND JURISDICTION**

2.     Answering Paragraphs 1 and 2:     The allegations set forth in Paragraphs 1 and 2 of the Plaintiff's Complaint state and/or call for a conclusion of law to which no response from these Defendants is required. To the extent a response is required, these Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 1 and 2 of the Complaint and therefore deny the allegations set forth therein.

3. Answering Paragraphs 3, 4, 5, and 6: The allegations set forth in Paragraphs 3, 4, 5, and 6 of the Plaintiff's Complaint state and/or call for a conclusion of law to which no response from these Defendants is required. To the extent a response is required, these Defendants deny that the Dorchester County Detention Center is a proper party and is, therefore, subject to dismissal. To the extent Plaintiff's allegations set forth in Paragraphs 3, 4, 5, and/or 6 either expressly or impliedly allege negligence, gross negligence, or any liability whatsoever against these Defendants, those allegations are denied.

4. Answering Paragraphs 7, 8, 9, 10, and 11: Upon information and belief, the allegations set forth in Paragraphs 7, 8, 9, 10, and 11 of Plaintiff's Complaint are not directed towards these Defendants and, furthermore, state and/or call for conclusions of law to which no responses from these Defendants are required. To the extent Plaintiff's allegations set forth in Paragraphs 7, 8, 9, 10, and 11 either expressly or impliedly allege negligence, gross negligence, or any liability whatsoever against these Defendants, those allegations are denied.

5. Answering Paragraph 12: These Defendants admit that the Dorchester County Detention Center is located within Dorchester County South Carolina. As to any alleged actions or inactions occurring outside of the Dorchester County Detention Center, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of such allegations and therefore deny said allegations.

6. Answering Paragraph 13: Denied.

7. Answering Paragraphs 14, 15, and 16: The allegations set forth in Paragraphs 14, 15, and 16 of the Plaintiff's Complaint state and/or call for a conclusion of law to

which no response from these Defendants is required. To the extent a response is required, these Defendants deny that the Dorchester County Detention Center is a proper party and is, therefore, subject to dismissal. To the extent Plaintiff's allegations set forth in Paragraphs 14, 15, and 16 either expressly or impliedly allege negligence, gross negligence, or any liability whatsoever against these Defendants, those allegations are denied. Further answering, these Defendants deny depriving Plaintiff of his Constitutional rights, as alleged.

## FOR A THIRD DEFENSE
## AS TO PLAINTIFF'S "FACTUAL" ALLEGATIONS

8. Answering Paragraph 17: These Defendants deny any "facts" believed by Plaintiff that either expressly or impliedly allege and/or impute negligence, gross negligence, violation of civil/constitutional right, or any liability whatsoever against these Defendants.

9. Answering Paragraph 18: These Defendants admit the allegations set forth in Paragraph 18 of Plaintiff's Complaint upon information and belief.

10. Answering Paragraph 19: These Defendants admit only so much of the allegations in Paragraph 19 of Plaintiff's Complaint that Plaintiff was given a bond in the amount of $25,000.00 for the charge of Possession of a Firearm during the commission of a violent crime and a bond in the amount of $1,000.00 for the Failure to Stop for Blue Light charge. These Defendants admit upon information and belief the allegation that no bond was set for Plaintiff's Attempted Murder charge as bond was denied. Any remaining and inconsistent allegations are denied.

11. Answering Paragraph 20: These Defendants admit only so much of the allegations in Paragraph 20 of Plaintiff's Complaint that Plaintiff did not post bond on the Possession of a Firearm charge. Any remaining allegations call for speculation and are, therefore, denied.

12.     Answering Paragraph 21:     These Defendants admit the allegations set forth in Paragraph 21 of Plaintiff's Complaint upon information and belief.

13.     Answering Paragraph 22:     Denied as written.

14.     Answering Paragraph 23:     Denied as written.

15.     Answering Paragraph 24:     Denied as written.

16.     Answering Paragraph 25:     Denied as written.

17.     Answering Paragraph 26:     These Defendants admit that Plaintiff had contact with Detention Center staff on numerous occasions and sent multiple messages/requests to Detention Center staff during the course of his incarceration. All remaining allegations in Paragraph 26 are either not directed towards these Defendants and/or these Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations and therefore deny the same.

18.     Answering Paragraphs 27, 28, and 29:     Upon information and belief, the allegations set forth in Paragraphs 27, 28, and 29 of Plaintiff's Complaint are not directed towards these Defendants and, consequently, no responses from these Defendants are required. To the extent a response is required, these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 27, 28, and 29 of the Complaint and therefore deny the allegations set forth therein. To the extent Plaintiff's allegations set forth in Paragraphs 27, 28, and 29 either expressly or impliedly allege negligence, gross negligence, or any liability whatsoever against these Defendants, those allegations are denied.

19.     Answering Paragraph 30:     Denied as written.

20.     Answering Paragraph 31:     Denied as written.

21. Answering Paragraph 32: These Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint and therefore deny the allegations set forth therein. To the extent Plaintiff's allegations set forth in Paragraph 32 either expressly or impliedly allege negligence, gross negligence, or any liability whatsoever against these Defendants, those allegations are denied.

22. Answering Paragraph 33: These Defendants admit only so much of Paragraph 33 as allege that an Order of Release for Plaintiff was signed by the Dorchester County Clerk of Court on or about April 27, 2017, stating a $6,000.00 surety bond had been posted.

23. Answering Paragraph 34: These Defendants admit only so much of Paragraph 34 as allege that Plaintiff was released from the Dorchester County Detention Center on April 28, 2017 into the custody of the South Carolina Department of Probation Parole & Pardon Services (SCDPPPS). As to any remaining allegations, these Defendants are without knowledge or information sufficient to form a belief as to their truth and, therefore, deny the same.

24. Answering Paragraph 35: Denied.

25. Answering Paragraph 36: The allegations as set forth in Paragraph 36 call for speculation and are, therefore, denied. Further answering, these Defendants are without knowledge or information sufficient to form a belief as to the truth as to the truth or falsity of the allegations set forth in Paragraph 36 and, therefore, deny the same.

26. Answering Paragraph 37: Denied as written.

### AS TO PLAINTIFF'S FIRST CAUSE OF ACTION
**(Negligence; Negligence Per Se; Gross Negligence; Reckless; or Wanton as to all Defendants)**

27. Answering Paragraph 38: These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

5

28. Answering Paragraph 39: The allegations set forth in Paragraph 39 of the Plaintiff's Complaint state and/or call for a conclusion of law to which no response from these Defendants is required. To the extent a response is required, the allegations are denied as written and further deny any knowledge of these Defendants having received any requests or queries from Plaintiff as to the status of his criminal charges.

29. Answering Paragraph 40: The allegations set forth in Paragraph 40 of the Plaintiff's Complaint state and/or call for a conclusion of law to which no response from these Defendants is required. To the extent a response is required, the allegations are denied as written and further deny any knowledge of these Defendants having received any requests or queries from Plaintiff as to the status of his criminal charges. These Defendants deny providing Plaintiff with inaccurate or untruthful information related to his criminal charges. These Defendants have no knowledge of information that may have been provided to Plaintiff while he was in the custody of SCDC.

30. Answering Paragraph 41: The allegations set forth in Paragraph 41 of the Plaintiff's Complaint state and/or call for a conclusion of law to which no response from these Defendants is required. To the extent a response is required, the allegations are denied as written. These Defendants have no knowledge of court documents that may have been provided to Plaintiff while he was in the custody of SCDC.

31. Answering Paragraphs 42 (including all sub-parts (a) – (k)) and 43:   Denied.

## AS TO PLAINTIFF'S SECOND CAUSE OF ACTION
**(False Imprisonment as to all Defendants)**

32. Answering Paragraph 44: These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

33. Answering Paragraph 45: Admit upon information and belief that on or about March 1, 2017 Plaintiff's charges or Attempted Murder and Possession of Firearm were dismissed by the Solicitor. Remaining allegations are denied as written.

34. Answering Paragraph 46: Denied.

35. Answering Paragraph 47: Denied.

36. Answering Paragraph 48: Denied.

37. Answering Paragraph 49: Denied.

38. Answering Paragraph 50: Denied.

## AS TO PLAINTIFF'S THIRD CAUSE OF ACTION
### (Violation of South Carolina Constitution Art. 1 § 3 and § 15)

39. Answering Paragraph 51: These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

40. Answering Paragraph 52: Denied.

41. Answering Paragraph 53: Denied.

42. Answering Paragraph 54: Denied.

43. Answering Paragraph 55: Denied.

44. Answering Paragraph 56: Denied.

45. Answering Paragraph 57: Denied.

46. Answering Paragraph 58: Denied.

## AS TO PLAINTIFF'S FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1983)

47. Answering Paragraph 59: These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

48.     Answering Paragraph 60:    The allegations set forth in Paragraph 60 of the Plaintiff's Complaint state and/or call for a conclusion of law to which no response from these Defendants is required. To the extent a response is required, to the extent Plaintiff's allegations set forth in Paragraph 60 either expressly or impliedly allege negligence, gross negligence, or any liability whatsoever against these Defendants, those allegations are denied.

49.     Answering Paragraph 61:    The allegations set forth in Paragraph 61 of the Plaintiff's Complaint state and/or call for a conclusion of law to which no response from these Defendants is required. To the extent a response is required, the allegations are denied.

50.     Answering Paragraph 62 (including all sub-parts (a) – (e)):  Denied.

51.     Answering Paragraph 63:    Denied.

52.     As to Plaintiff's Prayer for Relief (including sub-parts (A) – (E)):   These Defendants deny that Plaintiff is entitled to recover of these Defendants whatsoever and request that all claims against these Defendants be dismissed with prejudice.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANTS ALLEGE:**
(Failure to State a Claim)

53.     These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

54.     That the Plaintiff's Complaint in its entirety fails to state claims upon which relief may be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANTS ALLEGE:
(Prison Litigation Reform Act)**

55. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

56. These Defendants assert the provisions of the Prison Litigation Reform Act, 28 U.S.C.A. § 1915, as a bar, in whole or in part, to this action. These Defendants pray that this action be dismissed as frivolous pursuant to U.S.C. §§ 1915(e) and 1915(A) and that this action be deemed a strike under 28 U.S.C. §1915(g).

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANTS ALLEGE:
(Failure to exhaust administrative remedies)**

57. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

58. That the Plaintiff's Complaint must be dismissed as he has failed to exhaust the institutional administrative remedies available to him prior to the filing of this lawsuit against these Defendants.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANTS ALLEGE:
(No Deviation from Standard of Care or Breach of Duty)**

59. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

60. Upon information and belief, all care and treatment by these Defendants was within acceptable standards and methods, and, at no time pertinent hereto, did these Defendants deviate from any known and then prevailing standard with regard to the Plaintiff. Defendants further deny

breaching any duty owed to Plaintiff. Consequently, the Plaintiff is barred from recovery against these Defendants.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE DEFENDANTS ALLEGE:
**(No Proximate Cause)**

61. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

62. That, even if these Defendants were negligent, as alleged in the Complaint, which is specifically denied, the negligence of these Defendants was not the direct or proximate cause of any injury alleged by the Plaintiff and therefore these Defendants are not liable for any damages allegedly sustained by the Plaintiff.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE DEFENDANTS ALLEGE:
**(Objectively Reasonable/Lack of Deliberate Indifference/ Lack of deprivation of basic human needs)**

63. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

64. These Defendants state that at no time did they violate any clearly established constitutional rights of the Plaintiff which were known or should have been known to them and that at no time were they deliberately indifferent to the Plaintiff in any respect. Additionally, these Defendants did not deprive the Plaintiff of any basic human needs, due process or equal protection. Therefore, these Defendants are entitled to immunity. Furthermore, these Defendants' actions/inactions were objectively reasonable in all respects in light of existing law. All actions/inactions were objectively reasonable in light of the facts and circumstances confronting these Defendants. Therefore, these Defendants are entitled to immunity.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE DEFENDANTS ALLEGE:
### (State Law Immunity)

65. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

66. That at all times relevant to the allegations contained in the Complaint, these Defendants were acting according to and in compliance with specific laws, rules and regulations of the State of South Carolina and/or Dorchester County Sheriff's Office, and are therefore immune from suit and plead such statutory or regulatory authorization as a complete defense and bar to the Plaintiff's Complaint.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE DEFENDANTS ALLEGE:
### (Governmental Immunity/Tort Claims Act)

67. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

68. The provisions of the South Carolina Tort Claims Act, South Carolina Code Ann. § 15-78-10, et seq., including all subparts, apply to any state law claims in this action. At all times pertinent to the claims raised in Plaintiff's Complaint, Defendant Sheriff in his official capacity was acting as an arm of the State of South Carolina, acting within the scope of his employment and as such is immune from liability for any tort except as specifically waived by the South Carolina Tort Claims Act pursuant to South Carolina Code Ann. § 15-78-60. The South Carolina Tort Claims Act constitutes the exclusive remedy for any tort committed by the employees of the governmental entity who were acting within the scope of their employment. Furthermore, while the Defendants specifically deny that the Plaintiff is entitled to recover any damages whatsoever as set out in the preceding and following paragraphs of this Answer, the limitations on liability provided in South

11

Carolina Code Ann. § 15-78-120 apply to any state tort claims in this action, if any. Accordingly, the Plaintiff is not entitled to recover any award for damages that exceeds the limitation of liability set forth in S. C. Code Ann. § 15-78-120. Also, the Plaintiff is not entitled to recover punitive or exemplary damages or pre-judgment interest as set forth in S. C. Code Ann. § 15-78-120. Finally, the Defendants are not authorized to waive the State of South Carolina's sovereign immunity from suit for purposes of any claim by the Plaintiff which may be governed by the South Carolina Tort Claims Act. These Defendants have not intended to waive, and have not waived the State of South Carolina's sovereign immunity.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE DEFENDANTS ALLEGE:
### (§15-78-60 - Tort Claims Act)

69. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

70. Defendant as governmental entity and/or as an arm of the State of South Carolina, as defined by South Carolina Code Ann. § 15-78-30, acting within the scope of employment, is/are immune from liability for any tort except as specifically waived by the South Carolina Tort Claims Act. The Plaintiff is not entitled to recovery against these Defendants pursuant to South Carolina Code Ann. § 15-78-60, including but not limited to all relevant subsections therein.

### FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE DEFENDANTS ALLEGE:
### (Sole Negligence / Contributory Negligence / Comparative Negligence)

71. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

72. That upon information and belief, Plaintiff's injuries, if any, are a direct result of the Plaintiff's sole negligence. Even if these Defendants were negligent as described in the

Complaint, which is specifically denied, the Plaintiff's alleged injuries and damages, if any, resulted from, or were due to the negligence of the Plaintiff, which combined and concurred with any negligence on the part of these Defendants, which is specifically denied, to bring about the said damages, if any, as a proximate cause thereof and without which the same would not have occurred.

73. These Defendants further allege that if the Plaintiff was damaged, either as alleged in the Complaint or at all, such damages were directly and proximately caused by the negligence of the Plaintiff and Plaintiff's recovery, if any, should be barred in full or else reduced in proportion to the amount of such negligence.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**DEFENDANTS ALLEGE:**
**(Punitive Damages Unconstitutional)**

74. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

75. That any award or assessment of punitive damages as prayed for by the Plaintiff would violate these Defendants' constitutional rights under the Fifth, Sixth and Fourteenth Amendments of the United States Constitution and comparable provisions of the South Carolina Constitution.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE**
**DEFENDANTS ALLEGE:**
**(Reasonableness and Good Faith)**

76. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

77. That these Defendants acted reasonably and in good faith at all times material herein, based on the material facts and circumstances known by them. Accordingly, the Plaintiff is not entitled to recover any damages from these Defendants whatsoever.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANTS ALLEGE:
(Eleventh Amendment Immunity)**

78. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

79. Plaintiff's Complaint, in essence, sues the State of South Carolina through its agent(s). Plaintiff is prohibited from suing these Defendants in their official capacities for monetary damages, as he is precluded from doing so under the Eleventh Amendment to the United States Constitution.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANTS ALLEGE:
(No Constitutional Violation)**

80. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

81. That the alleged actions/inactions claimed by the Plaintiff and attributed to these Defendants did not rise to the level of constitutional violations and the Plaintiff did not suffer any infringement of constitutional and/or federal rights, state rights, privileges, immunities, due process, or equal protection of the law.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
DEFENDANTS ALLEGE:
(Qualified Immunity)**

82. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

83. That at all times Defendant Sheriff, functioning as a governmental entity of the State of South Carolina, was performing discretionary functions in his capacity as an official for a governmental entity and the State of South Carolina, and at no time did the conduct violate clearly

established statutory or constitutional rights of which a reasonable person would have known nor was there ever any deliberate indifference shown to the Plaintiff by <u>any</u> of the Defendants.

### **FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE DEFENDANTS ALLEGE:**
**(Reservation and Non-Waiver)**

84. These Defendants reallege and incorporate by reference all of their responses in Paragraphs above as if fully repeated herein verbatim.

85. These Defendants reserve any additional and further defenses as may be revealed by additional information during the course of discovery and investigation, and as is consistent with the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered the Complaint of the Plaintiff, Defendants Dorchester County Detention Center and Dorchester County Sheriff L.C. Knight, in his Official Capacity pray that the Complaint be dismissed with prejudice, for the costs of this action and defense related thereto, and for such other and further relief as the Court deems just and proper.

Respectfully,

**BUYCK, SANDERS & SIMMONS, LLC**
305 Wingo Way
P.O. Box 2424
Mt. Pleasant, SC  29465-2424
Telephone: (843) 377-1400
Facsimile: (843) 284-8105
Email:  gwc@buyckfirm.com


 s/   G. Wade Cooper
Hugh W. Buyck (Fed. ID # 6099)
G. Wade Cooper (Fed ID # 7869)
H. Lucius Laffitte (Fed. ID #12647)

<u>March 19</u>_____, 2019            Attorneys for Defendants Dorchester County
Mt. Pleasant, South Carolina            Detention Center; Dorchester County Sheriff
                                                           L.C. Knight, In His Official Capacity

## CERTIFICATE OF SERVICE

I certify that on this date a copy of the foregoing **ANSWER OF DEFENDANTS DORCHESTER COUNTY DETENTION CENTER AND DORCHESTER COUNTY SHERIFF L.C. KNIGHT, IN HIS OFFICIAL CAPACITY** was served on each party or counsel of record by ☒ via electronic filing, ☐ mailing, ☐ e-mailing, ☐ facsimile, or ☐ hand delivery in the manner prescribed by the applicable Rule of Civil Procedure.

This __19th__ day of __March____, 2019.

_____s/ G. Wade Cooper_____