UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Stanley Simmons, ) | C/A No. 2:19-cv-425-DCN-BM |
| Plaintiff, ) | |
| ) | |
| Versus ) | |
| ) | **DEFENDANT SOUTH CAROLINA** |
| Dorchester County Detention Center; ) | **COMMISSION ON INDIGENT DEFENSE** |
| Dorchester County Sheriff L.C. Knight in his ) | **AND OFFICE OF INDIGENT DEFENSE'S** |
| official capacity; South Carolina Commission ) | **ANSWER TO PLAINTIFF'S COMPLAINT** |
| on Indigent Defense and Office of Indigent ) | (*Jury Trial Requested*) |
| Defense; Summerville Police Department; ) | |
| and John Does 1-10, ) | |
| Defendants. ) | |

The Defendant, South Carolina Commission on Indigent Defense and Office of Indigent Defense (hereinafter "this Defendant"), by and through its undersigned attorneys, hereby respond to the allegations in the Plaintiff's Complaint, subject to all affirmative defenses and motions, including their own Motion to Dismiss, as follows:

1. This Defendant denies every allegation contained in the Plaintiff's Complaint that is not is specifically admitted in this Answer.

**AS TO PARTIES, JURISDICTION AND VENUE**

2. This Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraphs 1 and 2 of the Plaintiff's Complaint and therefore, those allegations are denied.

3. The allegations contained in Paragraphs 3, 4, 5 and 6 of the Plaintiff's Complaint are not directed toward this Defendant and therefore do not require a response.

4. The allegations contained in Paragraphs 7 and 8 of the Plaintiff's Complaint state conclusions of law to which no response is required.

5. The allegations contained in Paragraphs 9, 10 and 11 of the Plaintiff's Complaint are not directed toward this Defendant and therefore no response is required.

6. The allegations contained in Paragraphs 12, 13, 14, 15 and 16 of the Plaintiff's Complaint state conclusions of law to which no response is required.

## AS TO FACTUAL ALLEGATIONS

7. Paragraph 17 of the Plaintiff's Complaint does not contain any allegations and therefore no response is required.

8. In response to the allegations contained in Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 and 37 of the Plaintiff's Complaint, this Defendant admits, upon information and belief, only so much as alleges that Plaintiff was arrested on or about February 13, 2017 and that he was released on or about April 29, 2017. Further responding, this Defendant refers to all documentation related to the Plaintiff's charges for a more detailed and complete description of all pertinent dates and events. All remaining and inconsistent allegations contained in Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36 and 37 of the Plaintiff's Complaint are denied.

## ANSWERING THE FIRST CAUSE OF ACTION
**(Negligence; Negligence Per Se; Gross Negligence; Reckless; or Wanton as to all Defendants)**

9. In response to the allegations contained in Paragraph 38 of the Plaintiff's Complaint, this Defendant repeats and realleges Paragraphs 1-8 above as if restated verbatim in this Paragraph.

10. This Defendant denies the allegations contained in Paragraphs 39, 40, 41, 42 (including subparts a, b, c, d, e, f, g, h, i, j and k) and 43 of the Plaintiff's Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION
### (False Imprisonment as to all Defendants)

11. In response to the allegations contained in Paragraph 44 of the Plaintiff's Complaint, this Defendant repeats and realleges Paragraphs 1-10 above as if restated verbatim in this Paragraph.

12. This Defendant denies the allegations contained in Paragraphs 45, 46, 47, 48, 49 and 50 of the Plaintiff's Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION
### (Violation of South Carolina Constitution Art. 1 § 3 and § 15)

13. In response to the allegations contained in Paragraph 51 of the Plaintiff's Complaint, this Defendant repeats and realleges Paragraphs 1-12 above as if restated verbatim in this Paragraph.

14. This Defendant denies the allegations contained in Paragraphs 52, 53, 54, 55, 56, 57 and 58 of the Plaintiff's Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION
### (42 U.S.C. § 1983)

15. In response to the allegations contained in Paragraph 59 of the Plaintiff's Complaint, this Defendant repeats and realleges Paragraphs 1-14 above as if restated verbatim in this Paragraph.

16. The allegations contained in Paragraphs 60 and 61 of the Plaintiff's Complaint state conclusions of law to which no response is required.

17. This Defendant denies the allegations contained in Paragraphs 62 (including subparts a, b, c, d, and e) 63 and the WHEREFORE Paragraph (including subparts A, B, C, D and E), being the remaining allegations of the Plaintiff's Complaint.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:**
**(Failure to State a Claim)**

18.     The allegations contained in Plaintiff's Complaint fail to state a claim upon which relief may be granted against this Defendant.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:**
**(Governmental Immunity/Tort Claims Act)**

19.     This Defendant is governmental entities as defined by S.C. Code Ann. § 15-78-30 and as such are immune from liability for any tort except as specifically waived by the South Carolina Tort Claims Act pursuant to § 15-78-60.  The South Carolina Tort Claims Act constitutes the exclusive remedy for any tort committed by the employee of the governmental entity who is acting within the scope of his or her employment. Furthermore, pursuant to S.C. Code Ann. § 15-78-60(1), governmental entities are not liable for a loss resulting from legislative, judicial, or quasi-judicial action or inaction. No award for damages under Chapter 78 shall include punitive or exemplary damages and pre-judgment interest or exceed the statutory limits contained therein. S.C. Code Ann. § 15-78-120.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:**
**(Reasonableness and Good Faith)**

20.     This Defendant alleges that they and their agents and employees acted reasonably and in good faith at all times material herein, based on all relevant facts and circumstances known by them at the time they so acted. Accordingly, Plaintiff is not entitled to recover any damages whatsoever.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Punitive Damages Unconstitutional)**

21.     That any award or assessment of punitive damages as prayed for by the Plaintiff would violate this Defendant's constitutional rights under the Fifth, Sixth, and Fourteenth Amendments of the United States Constitution and comparable provisions of the South Carolina Constitution.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE
THIS DEFENDANT ALLEGES:
(Sovereign Immunity – Tort Claims Act)**

22.     This Defendant asserts sovereign immunity as a complete defense and bar to Plaintiff's claims.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Reservation and Non-Waiver)**

23.     This Defendant reserves any additional and affirmative defenses as may be revealed or become available to them during the course of their investigation and/or discovery in the case and is consistent with the Federal Rules of Civil Procedure.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Comparative Negligence)**

24.     This Defendant alleges that any injuries received by Plaintiff, as alleged in the Complaint, if any, were due to and caused by and were the direct and proximate result of acts of negligence on the part of the Plaintiff or a third party, over whom this Defendant had no control, so as to bar the claims of Plaintiff against this Defendant.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Assumption of Risk/Illegality)**

25.     This Defendant alleges that the perils and dangers existing at the time of Plaintiff's actions, if any, were open, obvious, and known to Plaintiff, who nevertheless conducted himself in such a manner so as to voluntarily assume all risks pertaining thereto.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Failure to Mitigate)**

26.     Plaintiff failed to mitigate his damages.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(Waiver, Estoppel)**

27.     The claims of the Plaintiff are barred by operation of the doctrines of waiver and estoppel.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(No Deviation from Standard of Care)**

28.     This Defendant did not breach the standard of care related to any professional services provided to Plaintiff and therefore Plaintiff's claims fail to state a claim for professional negligence.

**FURTHER ANSWERING AND AS AN AFFIRMATIVE DEFENSE,
THIS DEFENDANT ALLEGES:
(No Constitutional Violation)**

29.     This Defendant did not violate the Plaintiff's constitutional rights.

WHEREFORE, having fully answered the Plaintiff's Complaint, and having asserted these affirmative defenses, the Defendant, South Carolina Commission on Indigent Defense and Office of Indigent Defense, pray that the Plaintiff's Complaint be dismissed with prejudice and that they be awarded the costs and reasonable fees associated with this matter, and such other relief as the Court may deem just and proper.

HOOD LAW FIRM, LLC
172 Meeting Street
Post Office Box 1508
Charleston, SC  29402
Ph: (843) 577-4435 / Fax: (843) 722-1630
E: Info@hoodlaw.com

**s/ Elloree A. Ganes**
Elloree A. Ganes (9022)
Alyssa L. Agostino (12960)

*Attorneys for the Defendant*
*South Carolina Commission on Indigent Defense*
*and Office of Indigent Defense*

**March 19, 2019**
Charleston, South Carolina