IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanley Simmons, | ) Civil Action No. 2:19-cv-425-DCN-BM |
| Plaintiff, | ) |
| v. | ) **REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT TOWN OF SUMMERVILLE'S MOTION TO DISMISS** |
| Dorchester County Detention Center, Dorchester County Sheriff L.C. Knight in his Official Capacity, South Carolina Commission on Indigent Defense and Office of Indigent Defense, Town of Summerville, and John Does 1-10, | ) |
| Defendants. | ) |

The Defendant, Town of Summerville, ("Defendant") submits this Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss. (ECF Entry 31.)

**I. PLAINTIFF'S COMPLAINT FAILS TO PLEAD A PLAUSIBLE CLAIM UNDER 42 U.S.C. § 1983 AGAINST THE TOWN OF SUMMERVILLE AND SHOULD BE DISMISSED**

To survive dismissal of its 42 U.S.C § 1983 claim against Summerville, Plaintiff declares in his Memorandum in Opposition that he was now deprived of his constitutional rights because the Summerville detective's intentionally and knowingly provided false information concerning his criminal status. However, this accusation is absent from the factual allegation section of the Amended Complaint. In reality, the Amended Complaint states that Simmons had discussions with Summerville detectives at the detention center after his attempted murder and possession of weapon charges had been dismissed[1]. (ECF Entry 15 at 5, ¶ 27.) At this discussion, the Amended Complaint asserts that Plaintiff was told he would not be released until he provided the detectives with

---

[1] Simmons was nonetheless lawfully detained because of his remaining Failure to Stop for Blue Light and possession of cocaine charges.

information concerning the attempted murder victim. (Id., ¶28) The factual section of the Amended Complaint goes on to assert that the detectives failed to answer his repeated requests about the status of his pending charges, and failed to tell him that he would be able to post bond on the remaining blue lights charge; not that the detectives intentionally provided Plaintiff any false information. (Id. at 5-6; ¶ 29-31.)

Regardless, the facts actually pled by the Plaintiff concerning this Defendant do not amount to a constitutional violation. It is the job of a detective to question murder suspects regarding an active investigation. It is not the job of a detective to provide represented detainees, such as Simmons, an update on the status of their charges being prosecuted by the Solicitor's office. Accordingly, the Amended Complaint and the additional declarations contained in Plaintiff's memorandum in opposition still cannot satisfy the very first issue ─ that Plaintiff's harm, if any, was caused by an actual deprivation of a right, privilege or immunity secured by the Constitution.

What's more, the Plaintiff's 42 U.S.C § 1983 claim should be dismissed as a matter of law for failing to plead what policy or custom the Town of Summerville operates under that allegedly violated a constitutional right. The Complaint is devoid of any fact to support a claim of unconstitutional conduct that flows from the implementation or execution of a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the Town of Summerville. As such, the Plaintiff has failed to plead a plausible 42 U.S.C. §1983 claim against this Defendant and this cause of action should be dismissed.

## II. PLAINTIFF'S NEGLIGENCE CLAIM AGAINST THE TOWN OF SUMMERVILLE SHOULD BE DISMISSED

Plaintiff's Memorandum in Opposition asserts that this Defendant relies on the fact that Simmons arrest was legal, and therefore any further actions or omission by Summerville are

irrelevant. This is incorrect. Plaintiff's negligence claim fails as a matter of law because not only was Simmons's arrest lawful, his subsequent detainment was lawful. There is no question from the face of the Complaint that Plaintiff remained in jail past March 1, 2017 because of his own failure to secure a bond earlier. If Plaintiff had chosen to secure a bond on the blue lights charge than he would have been released when his other charges were dismissed. As such, there can be no plausible claim for damages caused by the acts or omissions of Summerville detectives. Therefore, the negligence cause of action as to Summerville fails as a matter of law and should be dismissed.

### III. PLAINTIFF'S FALSE IMPRISONMENT CLAIM AGAINST THE TOWN OF SUMMERVILLE SHOULD BE DISMISSED

Plaintiff's false imprisonment claim fails as a matter of law because at all times during Plaintiff's confinement he was lawfully restrained. The charges against him were based on probable cause by the existence of the four arrest warrants. These charges were subject to bond, which the Plaintiff had not posted. When Plaintiff posted bond, he was released from custody. Notwithstanding, Plaintiff's memorandum in opposition makes the additional declaration that Summerville detectives allegedly knew that the Solicitor dismissed the murder charge, and then decided to intentionally provide Plaintiffs with false information, which allegedly amounts to unlawful detention. However, the facts actually pled in the Amended Complaint are devoid of specifics to support this contention, and the Rule 8 pleading standard demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (U.S. 2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Notwithstanding, Plaintiff's false imprisonment claim fails as a matter of law because at all times during Plaintiff's confinement he was lawfully restrained.

## IV. PLAINTIFF'S VIOLATION OF SOUTH CAROLINA CONSTITUTION ART. 1 § 3 CLAIM SHOULD BE DISMISSED

Here, Plaintiff's procedural due process rights were never violated. The Plaintiff was arrested on February 13, 2017 because he had four outstanding warrants with the Summerville Police Department for Attempted Murder, Possession of a Weapon during Commission of a Violent Crime, Failure to Stop for Blue Lights, and Possession of Cocaine First Offense. The charges against him were based on probable cause by the existence of the four arrest warrants. These charges were subject to bond, which the Plaintiff had not posted. When Plaintiff posted bond, he was released from custody. As such, the Plaintiff remained lawfully detained until he secured bond on the Failure to Stop for Blue Light charge. Despite the emotional plea set forth in Plaintiff's Memorandum in Opposition, the facts pled in the Amended Complaint make abundantly clear that Plaintiff received procedural due process, and no factual content in the Amended Complaint nor supporting case law could allow the Court to draw the inference that the Town of Summerville detectives violated Plaintiff's due process rights.

With respect to violations of his right under the equal protection clause, again the Plaintiff was never detained in an unlawful manner because his arrest was proper and he was subsequently released as soon as he posted bond on his remaining blue lights charge. Therefore, it's implausible to create a causal connection between Summerville detectives and Plaintiff regarding any alleged cruel and unusual punishment, and Plaintiff's claim for violations of South Carolina Constitution Art. 1 §3 against this Defendant should be dismissed.

## CONCLUSION

WHEREFORE, based on the foregoing, the Defendant, Town of Summerville respectfully requests that the Court grant its motion to dismiss on the grounds that the Amended Complaint is

devoid of facts to infer that Defendants violated the Plaintiff's constitutional rights necessary to bring an action under 42 U.S.C. § 1983; and fails to state a claim for relief upon which relief can be granted on the remaining causes of action for negligence, false imprisonment, and claims for violations of South Carolina Constitution Art. 1 § 3 and § 15.

**RICHARDSON, PLOWDEN & ROBINSON, P.A.**

By: /s/ Drew Hamilton Butler
Drew Hamilton Butler (Federal I.D. No. 8083)
John Guerry (Federal I.D. No. 12155)
PO Box 21203
Charleston, South Carolina 29413
843.805.6550
dbutler@richardsonplowden.com
jguerry@richardsonplowden.com

*Attorneys for Defendant Town of Summerville*

May 30, 2019
Charleston, South Carolina